IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PRIME INSURANCE COMPANY,**

    **Plaintiff,**

v.                                                                                  No. 2:23-cv-00074-JCH-GJF

**MIGUEL PEREZ,**
**doing business as**
**R&M TRUCKING AND BACKHOE SERVICES LLC,**
**and ALONZO VILLA TELLES,**

    **Defendants.**

### MEMORANDUN OPINION AND ORDER DENYING DEFAULT JUDGMENT

This matter comes before the Court upon Plaintiff Prime Insurance Company's *Motion for Entry of Default Judgment* (ECF No. 12). Because Plaintiff has not met its burden of establishing this Court's subject matter jurisdiction over the case, the Court will deny the motion for default judgment and enter an order to show cause why the case should not be dismissed for lack of jurisdiction.

    **I.**    **BACKGROUND**

This is an insurance coverage action seeking declaratory relief under 28 U.S.C. § 2201 and § 2202 for a judicial declaration that Prime Insurance Company ("Prime") does not have a duty to defend or indemnify Defendants as a result of a motor vehicle collision that resulted in a state court lawsuit, *Makenzie Turner v. Miguel Perez dba R&M Trucking and Backhoe Service LLC, and Alonzo Villa Telles*, No. D-506-CV-2022-00693. (Compl. ¶¶ 1, 12-18, ECF No. 1.) According to the federal complaint, R&M Trucking and Backhoe Services LLC ("R&M") is a New Mexico business in Hobbs, owned by Defendant Miguel Perez ("Perez"). (*Id.* ¶¶ 4-5.) Defendant Alonzo

Villa Telles ("Telles") is a non-resident, Mexican citizen residing in Hobbs who at all relevant times was an employee of R&M. (*Id.* ¶ 6.)

On or about April 5, 2022, Telles was driving a 2012 Freightliner pulling a trailer. (*Id.* ¶¶ 12-14.) Telles attempted to cross the Eunice Highway/State Road 18 before the roadway cleared, and Makenzie Turner collided with the trailer and claims to have suffered injuries. (*Id.* ¶¶ 15-17.) Ms. Turner filed suit against Perez dba R&M and Telles. (*Id.* ¶ 18.) Prime entered the state court case as a Plaintiff-In-Intervention and is represented therein by John Stiff, counsel in this case. *See Turner v. Perez, et al.*, No. D-506-CV-2022-00693,. Defendants are represented by counsel in the underlying suit. *Id.*

Prime filed a Complaint for Declaratory Relief against Defendants on January 25, 2023. (Compl., ECF No. 1.) Prime asserts that it issued a Commercial Auto Insurance Policy to R&M, renewed in March 2022 through March 19, 2023 ("the Policy"). (*Id.* ¶ 19-20.) As alleged, the Scheduled Drivers Endorsement changed the terms of the Policy to exclude from coverage a Permissive Driver, and to cover as an "Insured" a "Scheduled Driver," who "is a driver or operator specifically identified in a Scheduled Drivers Endorsement." (*Id.* ¶ 23.) Prime contends that the New Mexico Scheduled Drivers Endorsement names the Scheduled Drivers under the Policy, and Telles was not named as a scheduled driver under the Policy and did not otherwise satisfy the requirements of the Policy to be identified as an "Insured." (*Id.* ¶¶ 24-25, 28.) Additionally, Prime contends it has no duty to defend or indemnify any of the Defendants under the MCS-90 endorsement because Telles was not involved in interstate or foreign commerce at the time of the accident. (*Id.* ¶ 29.) Prime seeks declarations that it has no duty to indemnify or defend Defendants in connection with the state court claims asserted by Ms. Turner and that it has no duty to pay any

judgment or settlement that may be recovered "against R&M, Miguel Perez, or Alonzo Telles." (*Id.* at 7, ¶¶ 1-3.)

On February 14, 2023, Johnny Rivas, a process server, personally served the summons on Telles at 1311 S. 14th St., Hobbs, NM. (Proof of Service, ECF No. 6.) Regarding service on Perez, Mr. Rivas stated that on February 14, 2023, he left the summons "at the individual's residence or usual place of abode with (*name*) Alonzo Villa Telles at 1311 S. 14th St Hobbs, NM, 88240, a person of suitable age and discretion who resides there, on (*date*) February 14, 2023, mailed a copy to the individual's last known address…." (Proof of Service, ECF No. 5.)[1] After Defendants Perez and Telles failed to file an Answer within the prescribed time, Plaintiff moved for entry of default. (Pl.'s Mot. for Entry of Default, ECF No. 7.) Following the Clerk's Entry of Default (ECF No. 10), Plaintiff moved for default judgment against "defendants Miguel Perez, dba R&M Trucking and Backhoe Services LLC, and Alonzo Villa Telles." (Pl.'s Mot. for Default J. 1, ECF No. 12.)

II.     ANALYSIS

The Court must enter default judgment against a party against whom a judgment for affirmative relief is sought who has failed to plead or otherwise defend, as evidenced by an affidavit or other proof. *See* Fed. R. Civ. P. 55(a). Entry of default alone is not sufficient to enter a default judgment. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). Once a default is entered, the court must determine that it has jurisdiction, that the unchallenged facts establish liability based on a legitimate cause of action, and that the party is entitled to the relief requested. *See Bixler*, 596 F.3d at 761-62; *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend,

---

[1] Prime, in its motion, asserts that Mr. Rivas personally served "Alonzo Miguel Perez, dba R&M Trucking." (Pl.'s Mot. 2, ECF No. 12.) However, the evidence shows that personal service was made on Telles, not on Miguel Perez. (*See* Proofs of Service, ECF Nos. 6 & 7.)

3

the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties."); *SPFM, L.P. v. Felix*, SA-16-CV-00179-XR, 2016 WL 5854286, at *1 (W.D. Tex. Oct. 5, 2016). "Personal jurisdiction over the defendant is required before a default judgment in a civil case may be entered." *Bixler*, 596 F.3d at 761. Service of process under Federal Rule of Civil Procedure 4 provides the mechanism by which the Court asserts jurisdiction over the person of the party served. *Hukill v. Oklahoma Native American Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008). Before this Court determines the issue of personal jurisdiction, it must determine that it has subject matter jurisdiction over the case.

    **A.**    **Plaintiff has not met its burden to demonstrate this Court's subject matter jurisdiction**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citation and internal quotation marks omitted).

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration…." 28 U.S.C. § 2201(a). The Act does not itself confer jurisdiction upon federal courts, but rather, expands the range of remedies available in federal courts. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950). Thus, this Court must determine whether it has an independent basis for jurisdiction that would empower it to enter a declaratory judgment. *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996). Plaintiff's motion for default judgment is silent on the issue of this Court's subject-matter jurisdiction. Turning to the Complaint,

4

Plaintiff asserts jurisdiction based on both diversity and federal question. (Compl. ¶¶ 7-10, ECF No. 1.)

### 1. The allegations do not demonstrate complete diversity because Prime fails sufficiently to allege the citizenship of R&M

To demonstrate diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013). The party seeking federal jurisdiction must allege in his pleading the facts necessary to establish jurisdiction. *Spring Creek Exploration & Production Co., LLC v. Hess Bakken Investment, II, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018).

Plaintiff lists three separate Defendants in its "Parties" section: R&M, Perez, and Telles. Prime also seeks relief in the form of a declaratory judgment stating it has no duty to pay any judgment or settlement against "R&M, Miguel Perez, or Alonzo Telles." (Compl. 7 ¶ 3, ECF No. 1.) Although the caption does not list R&M separately, but as Miguel Perez dba R&M, the Court finds from the plain terms of the Complaint, that Plaintiff is seeking judgment against R&M, as well as against Perez and Telles, and thus, Prime must also be diverse from R&M.

R&M is alleged to be an "LLC," not a corporation, for which different citizenship rules apply. "For diversity purposes, a limited liability company 'takes the citizenship of all its members.'" *Spring Creek*, 887 F.3d at 1014 (quoting *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015)). Plaintiff failed to allege that R&M is incorporated or, alternatively, to allege the citizenship of each of the members of R&M. Consequently, the Court cannot establish from the allegations of the Complaint that there is complete diversity of citizenship between the parties.

### 2. Plaintiff has failed to assert sufficient allegations or authority to convince the Court it has federal-question jurisdiction based on the MCS-90 endorsement in the Policy

Prime additionally relies on 28 U.S.C. § 1331, under which the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case arises under federal law if its 'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006) (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994)). The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 813 (1986). The federal question must be contested and substantial. *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).

According to the Complaint, "the MCS-90 endorsement of the subject policy is required by federal law and federal law determines its operation and effect, especially with regards to its application to 'interstate or foreign [as opposed to interstate] commerce." (Compl. ¶ 10, ECF No. 1 (citing 49 C.F.R. §§ 387.3, 387.5, 387.9; *Canal Ins. Co. v. Paul Cox Trucking*, Civil Action No. 1:05-CV-2194, 8-9 (M.D. Pa. Oct. 2, 2006).) Prime seeks a judicial determination that "Prime has no duty to indemnify or defend any of the Defendants pursuant to the MCS-90 endorsement because Defendant Telles was not involved in interstate or foreign commerce at the time of the subject accident." (Compl. ¶ 29, ECF No. 1.)

Prime has not alleged that a federal statute or regulation created the cause of action relied upon. Rather, the interpretation of an insurance contract generally arises from state law. Prime must therefore show that this case is one of a "special and small category of cases" in which the

state-law claim necessarily raises a substantial federal issue. *See Gunn*, 568 U.S. at 258 (internal quotations omitted). To do so, Prime must demonstrate that the federal issue in this case is: "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.*

As mentioned, Prime's motion for default judgment did not address this Court's jurisdiction. Prime has not addressed the four requirements, and thus has not shown this Court has federal-question jurisdiction. Although Prime did not address the jurisdictional issues in its motion, in its Complaint, Prime cited to the case of *Canal Ins. Co. v. Paul Cox Trucking*, Civil Action No. 1:05-CV-2194, 8-9, 2006 WL 2828755 (M.D. Pa. Oct. 2, 2006). In the *Canal* case, an insurer brought a declaratory judgment suit, seeking multiple declarations, including that the policy's MCS-90 endorsement did not apply because the truck driver was not involved in interstate commerce at the time of the accident. *Id.* at *1-2. Noting that the MCS-90 endorsement is required by federal law and that federal law applies to determine its operation and effect, the district court concluded that the case required application of the federal law defining interstate commerce, a federal issue. *See id.* at *3-4. However, unlike here, the district court was examining whether to exercise its discretion under the Declaratory Judgment Act to decline jurisdiction over the matter, so it did not consider the four *Gunn* requirements to show federal question jurisdiction. *See id.* at *2-4. *Canal* is thus of limited utility here.

Moreover, other cases applying the *Gunn* factors cast doubt on whether the MCS-90 endorsement allegation alone is sufficient to establish federal-question jurisdiction. *See, e.g.*, *Progressive Express Ins. Co. v. Harry's Truck Service, LLC*, __ F.Supp.3d __, 2023 WL 5431286, at *5-8 (N.D. Ill. Aug. 23, 2023) (concluding that third amended complaint did not present federal question because plaintiff did not show federal issue was necessarily raised and actually in dispute:

7

MCS-90 endorsement only was at issue when underlying policy did not otherwise provide liability coverage, so court might not have to reach issue, and claim primarily turned on factual question of whether driver was hauling goods in interstate commerce, not requiring a legal interpretation of endorsement); *Tamera Rothschild Esq. v. Lancer Ins. Co.*, Civ. Action No. 15-1072, 2016 WL 1237353, at *1-3 (W.D. Penn. Mar. 30, 2016) (concluding that presence of MCS-90 endorsement in policy did not create federal-question jurisdiction because its interpretation was secondary issue that court might not reach, and it was not substantial, as it did not present challenging or purely legal issue of construction requiring attention of federal court). The Court therefore finds the allegations of the Complaint and the briefing in the motion for default judgment insufficient to establish that the Court has jurisdiction over this case. Because Prime failed to meet its burden on a motion for default judgment to establish this Court's jurisdiction, the Court will deny the motion on this ground.

> **B.    Plaintiff did not meet its burden to show the Court has personal jurisdiction over Perez and R&M or that the unchallenged facts establish liability and entitlement to relief**

Should Prime ultimately establish subject-matter jurisdiction, the Court notes that the motion for default judgment did not contain sufficient facts, law, or argument to establish the other requirements needed to show entitlement to a default judgment. As for showing personal jurisdiction, Prime appears to assert that service was proper on Perez based on personal service, but the record shows personal service was only made on Telles. Perez was not personally served; rather, a copy of the summons was left with Telles at 1311 S 14th Street, Hobbs, New Mexico. (*See* Proof of Service, ECF No. 5.) Prime failed to cite authority to establish that service on Telles constituted proper service on Perez or R&M. Accordingly, Plaintiff failed to show entitlement to default judgment against either Defendant Perez or Defendant R&M on this alternative ground.

Finally, Prime in its motion failed to address how the unchallenged facts establish liability and that it is entitled to the relief requested. The motion for default judgment should be denied for this reason as well.

### C. Order to show cause

The Court's concerns about subject-matter jurisdiction must be resolved before it can move forward with this case. Within 21 days of entry of this Memorandum Opinion and Order, Prime must show cause in a written brief why the case should not be dismissed for lack of subject matter jurisdiction. As to any assertion of federal-question jurisdiction, Prime must cite supporting authority, addressing the Court's concerns explained herein.

**IT IS THEREFORE ORDERED** that Prime Insurance Company's *Motion for Entry of Default Judgment* (**ECF No. 12**) is **DENIED**. It is further ordered that **within 21 days** of entry of this Memorandum Opinion and Order, Prime must file a written brief addressing why the case should not be dismissed for lack of subject matter jurisdiction.

_____
SENIOR UNITED STATES DISTRICT JUDGE