IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**PRIME INSURANCE COMPANY,**

 **Plaintiff,**

v.                 No. 2:23-cv-00074-JCH-GJF

**MIGUEL PEREZ,**
**doing business as**
**R&M TRUCKING AND BACKHOE SERVICES LLC,**
**and ALONZO VILLA TELLES,**

 **Defendants.**

## MEMORANDUM OPINION AND ORDER

  This matter comes before the Court on the *Brief Addressing Why This Matter Should Not be Dismissed for Lack of Subject Matter Jurisdiction* (ECF No. 15), filed by Plaintiff Prime Insurance Company ("Prime") in response to this Court's order to show case. In a *Memorandum Opinion and Order Denying Default Judgment* (ECF No. 14), this Court denied Prime's *Motion for Entry of Default Judgment* (ECF No. 12) after concluding that Prime had not met its burden of establishing this Court's subject matter jurisdiction. The Court ordered Plaintiff to show cause why the case should not be dismissed for lack of jurisdiction. In accordance with that order, Prime filed a brief with supporting evidence on the jurisdictional issue. Prime also requested the Court to grant the relief sought in its motion for default judgment. The Court, having considered the brief, evidence, and law, concludes that it has diversity jurisdiction over this case and will not dismiss the case. As for Prime's renewed request for default judgment, the Court finds that Prime has not shown proper service over Defendant Perez and will deny the request for default judgment for the reasons given herein.

I.  **BACKGROUND**

The pertinent facts are set forth in this Court's Memorandum Opinion and Order (ECF No. 14). The Court adopts those facts and will not repeat them here.

II. **STANDARD**

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). "The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence." *Salzer v. SSM Health Care of Oklahoma Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) (citation and internal quotation marks omitted). The party seeking federal jurisdiction must allege in his pleading the facts necessary to establish jurisdiction. *Spring Creek Exploration & Production Co., LLC v. Hess Bakken Investment, II, LLC*, 887 F.3d 1003, 1014 (10th Cir. 2018). When the pleadings are insufficient, a court may review the record for evidence of jurisdiction. *Id.*

A court must enter default judgment against a party against whom a judgment for affirmative relief is sought who has failed to plead or otherwise defend, as evidenced by an affidavit or other proof. *See* Fed. R. Civ. P. 55(a). Entry of default alone is not sufficient to enter a default judgment. *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010). Once a default is entered, the court must determine that it has jurisdiction, that the unchallenged facts establish liability based on a legitimate cause of action, and that the party is entitled to the relief requested. *See id.* at 761-62; *Williams v. Life Sav. and Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the

parties."); *SPFM, L.P. v. Felix*, SA-16-CV-00179-XR, 2016 WL 5854286, at *1 (W.D. Tex. Oct. 5, 2016).

### III.  ANALYSIS

#### A.  This Court has diversity jurisdiction

Prime clarified in its brief that it asserts jurisdiction based on diversity, rather than federal question, jurisdiction. To demonstrate diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

In its Memorandum Opinion and Order, this Court explained that, because Plaintiff is seeking judgment against R&M Trucking and Backhoe Services LLC ("R&M") and R&M is alleged to be an LLC, Plaintiff needed to allege the citizenship of each of the members of R&M for the Court to determine whether complete diversity of citizenship existed between the parties. (Mem. Op. and Order 5, ECF No. 14.) In its brief, Prime asserts R&M functions as either a sole proprietorship owned by Miguel Perez or a limited liability company with only Miguel Perez as its member. In either case, Prime argues that R&M is a citizen of New Mexico, because Miguel Perez is a citizen of New Mexico.

"For diversity purposes, a limited liability company 'takes the citizenship of all its members.'" *Spring Creek*, 887 F.3d at 1014 (quoting *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015)). A sole proprietorship takes the citizenship of its sole proprietor. *See Lyerla v. Amco Ins. Co.*, 461 F.Supp.2d 834, 836 (S.D. Ill. 2006). Consequently, to

show diversity jurisdiction for a sole proprietorship, a plaintiff must allege that the entity is a sole proprietorship and allege the identity and citizenship of the sole proprietor. *Id.*

Regarding the citizenship of R&M, the Complaint only alleges that R&M is an LLC; R&M is a business organized under New Mexico law; R&M has its principal place of business is in New Mexico; and Miguel Perez owns R&M. (Compl. ¶¶ 4-5, ECF No. 1.) However, in response to the Court's Memorandum Opinion and Order, Prime presented additional information indicating that R&M may be a sole proprietorship, or alternatively, an LLC. The New Mexico Secretary of State's Corporations and Business Services website lists R&M five times. (Pl.'s Ex. A, ECF No. 15-1.) In three "Active" status listings, R&M is described as a "Domestic Limited Liability Company" and in its "Revoked Final" status listings, it is described as a "Domestic Profit Corporation." (*Id.*) R&M's address given on the website is "1311 14th Street, Hobbs, NM 88240," the same address given for Miguel Perez, R&M's registered agent. (Pl.'s Ex. B, ECF No. 15-2 at 2 of 3.) Miguel Perez is also listed as the "Organizer." (*Id.* at 3 of 3.) No other names or addresses are listed. (*Id.* at 1-3 of 3.) Under "Manager Information," there are "No Records to View." (*Id.* at 2 of 3.)

According to state law, a "limited liability company is formed when the articles of organization are filed with the commission [secretary of state] or at any later date or time specified in the articles of organization if there has been substantial compliance with the requirements of the Limited Liability Company Act." N.M. Stat. Ann. § 53-19-10(A). It is unclear from the information provided by the New Mexico Secretary of State's portal whether articles of organization were filed for R&M, and thus, whether R&M is a limited liability company.[1] Nor is any "Member Information" for R&M listed on the portal. (Pl.'s Ex. B, ECF No. 15-2 at 2-3 of 3.)

---

[1] One website notes that a "Certificate of Organization" was filed in 2007, but the lack of reference to such documents on the official website creates doubt as to the reliability of that information. (Pl.'s Ex. E, ECF No. 15-5 at 2 of 2.)

Moreover, while R&M has a USDOT number, the USDOT lists the legal name as "Miguel Perez" dba R&M. (Pl.'s Ex. C, ECF No. 15-3.)

Based on the record, the Court finds that Prime has met its burden to show that R&M is a citizen of New Mexico, regardless of whether R&M is a sole proprietorship or limited liability company. As a sole proprietorship, R&M is a New Mexico citizen based on Miguel Perez's citizenship. But even if the Court deemed R&M to be an LLC, there is nothing in the record to indicate that there is another member of that LLC other than Miguel Perez, and thus, R&M would be a citizen of New Mexico. The Court therefore finds that Prime has established complete diversity of citizenship: Prime is a citizen of Illinois and Utah, Defendant R&M and Miguel Perez are New Mexico citizens, and Defendant Alonzo Telles is a citizen of Mexico. Accordingly, this Court has subject matter jurisdiction over the case.

### B.  This Court lacks personal jurisdiction over Miguel Perez and R&M

In this Court's prior Memorandum Opinion and Order, it found alternatively that Prime failed to cite authority to establish that service on Alonzo Telles constituted proper service on Perez or R&M. (Mem. Op. and Order 8, ECF No. 14.) Prime requests the Court find that service on Telles was proper service on Miguel Perez, relying on Federal Rule of Civil Procedure 4(e)(2)(B).

"Personal jurisdiction over the defendant is required before a default judgment in a civil case may be entered." *Bixler*, 596 F.3d at 761. Service of process under Federal Rule of Civil Procedure 4 provides the mechanism by which the Court asserts jurisdiction over the person of the party served. *Hukill v. Oklahoma Native American Domestic Violence Coalition*, 542 F.3d 794, 797 (10th Cir. 2008). According to Rule 4(e)(2)(B), service is proper on an individual when service is by leaving a copy of the summons and complaint "at the individual's dwelling or usual place of

abode *with someone* of suitable age and discretion *who resides there*." Fed. R. Civ. P. 4(e)(2)(B) (italics added). The evidence in the record, however, does not establish that Telles, with whom the summons and complaint were left, resides at 1311 S 14th Street, as required by the rule upon which Prime relies. *Cf. United States v. Kumar*, No. 19 Civ. 4501 (ENV)(VMS), 2021 WL 7908019, at *4 (E.D.N.Y. Mar. 19, 2021) (concluding that service of process was not properly effectuated on defendant under Rule 4(e)(2)(B) where plaintiff failed to show that person served also resided at place of service); *United States v. Rose*, 437 F.Supp.2d 1166, 1172 (S.D. Cal. 2006) (construing Rule 4(e)(2) and concluding that "the person with whom the summons is left must also be a resident of the 'usual place of abode'"). Without proper service, this Court lacks personal jurisdiction over Defendant Perez and Defendant R&M, and therefore, the Court will not enter default judgment against either Defendant Perez or Defendant R&M.

As for Defendant Alonzo Villa Telles, the record demonstrates that he was personally served, (*see* Proof of Service, ECF No. 6), and failed to file a responsive pleading. Consequently, this Court has personal jurisdiction over Defendant Telles,

### C. The Court declines to enter default judgment at this time against Defendant Telles

"Once a district court concludes that it has the power to enter a default judgment against a defendant, the court next must determine whether the well-pled allegations of the complaint, if true, state a claim for relief." *Nevada General Ins. Co. v. Anaya*, 326 F.R.D. 685, 693 (D.N.M. 2018). Here, the relief sought by Prime is a declaration that Prime has no duty to defend or indemnify Defendants in connection with the claims asserted by Makenzie Turner in the underlying *Turner* case and that Prime has no duty to pay any judgment or settlement arising therefrom. (*See* Compl. 7, ECF No. 1.) The issues as to the coverage determination under the Policy is the same for both Telles and Perez – whether Telles was a scheduled driver, whether he

otherwise satisfied the requirements to be identified as an "Insured," and whether Telles was involved in interstate or foreign commerce at the time of the accident (*Id.* at 6.) While entry of default was proper as to Defendant Telles, service was not proper as to Perez or R&M. It is not yet clear whether the latter Defendants will actively litigate the case on the merits upon proper service.

In cases with multiple defendants who have closely related defenses and when only one of the parties defaults, the Tenth Circuit applies the rule set forth in *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). *See Wilcox v. Raintree Inns of America, Inc.*, 76 F.3d 394, 1996 WL 48877, at *2-3 (10th Cir. Feb. 2, 1996). According to the *Frow* rule, "judgment should not be entered against a defaulting defendant before the case has been decided on the merits as to the remaining defendants." *Id.* at *2. "If the case is ultimately decided against the plaintiff on the merits, however, it should 'be dismissed as to all the defendants alike—the defaulter as well as the others.'" *Id.* (quoting *Frow*, 82 U.S. at 554). In this case, the defendants have closely related defenses, presenting the possibility for potential inconsistent judgments, a situation warranting application of the *Frow* rule. Consequently, the Court exercises its discretion and declines to enter default judgment against Telles prior to entering judgment against Perez and R&M, whether by default judgment or on the merits, to avoid potentially inconsistent judgments. *Cf. Wurttembergische Gemeinde-Versicherung v. Bordt*, CASE NO. 4:13-cv-313-MW/CAS, 2013 WL 12087170, at *1 (N.D. Fla. Oct. 23, 2013) (declining to enter default judgment in a declaratory judgment case regarding policy coverage because the entry of default against one party would have the potential effect of inconsistent judgments being reached against defendants regarding the exact same issue, where the other defendant was actively litigating case on merits); *State Farm Fire & Casualty Co. v. Nokes*, No. 2:08-cv-312, 2010 WL 679057, at *2-3 (N.D. Ind. Feb. 23, 2010) (denying insurer's motion for default judgment against defaulting party to avoid logically inconsistent adjudications

where non-defaulting defendants were litigating issue of policy coverage). The Court will therefore not reconsider its order denying Prime's motion for default judgment. Prime, however, has leave to re-file its motion for default judgment after judgment is reached as to Defendants Perez and R&M.

**IT IS THEREFORE ORDERED** that:

1. Plaintiff's request in its *Brief Addressing Why This Matter Should Not be Dismissed for Lack of Subject Matter Jurisdiction* (ECF No. 15) that the Court reconsider its ruling denying Plaintiff's motion for default judgment is **DENIED**.

2. The Clerk of the Court must amend its Clerk's Entry of Default to enter default solely as to Defendant Alonzo Villa Telles.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**