UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

PRIME INSURANCE COMPANY,

    Plaintiff,

v.                                                                                                                    Civ. No. 23-74 JCH/GJF

MIGUEL PEREZ,
doing business as
R&M TRUCKING AND BACKHOE SERVICES LLC,
and ALONZO VILLA TELLES,

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court *sua sponte*. Plaintiff initiated this action on January 25, 2023. ECF 1. Thereafter, Plaintiff filed a Motion for Entry of Default Judgment [ECF 14] and a supplemental brief in support [ECF 15] seeking default judgment against Defendants Miguel Perez, dba R&M Trucking and Backhoe Services, LLC, and Alonzo Villa Telles. On December 19, 2023, the Court entered a Memorandum Opinion and Order in which it concluded that Plaintiff had not shown proper service over Defendant Miguel Perez and therefore denied Plaintiff's request for default judgment as to that defendant.[1] ECF 16 at 1. To date, there is no indication that Plaintiff has properly effected service on Defendant Perez, nor does the docket reflect any activity by Plaintiff following the Court's December 19, 2023 Memorandum Opinion and Order. In other words, more than ninety days have passed since Plaintiff has taken any step to move this case forward.

---

[1] In contrast, the Court determined that the record demonstrated proper service over Defendant Alonzo Villa Telles and a failure by him to file a responsive pleading. ECF 16 at 6. Nevertheless, applying the "*Frow* rule," the Court declined to enter default judgment against Defendant Telles prior to entering judgment against Defendants Perez and R&M, whether by default or on the merits, and it granted leave to Plaintiff to re-file its motion for default judgment against Defendant Telles after judgment was reached as to the other defendants. *Id*. at 7-8.

Federal Rule of Civil Procedure 4(m) provides that "[if] a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Here, Plaintiff did not request an extension of time to serve Defendant Tellez following this Court's determination that service was not properly effected. Moreover, Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for failure to prosecute *sua sponte*. *See Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003); *see also* D.N.M. LR-Civ. 41.1 (stating that "[a] civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward"). The Court is also authorized to impose sanctions for Plaintiff's failure to prosecute based on the Court's inherent power to regulate its docket and promote judicial efficiency. *See Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984). One such sanction within the discretion of the Court is to dismiss an action for failing to prosecute. *See, e.g.*, *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 856 (10th Cir. 2005); *see also Sweeney v. Anderson*, 129 F.2d 756, 758 (10th Cir. 1942) ("The duty rests upon the plaintiff to use diligence and to expedite his case to a final determination."). Consequently, as set forth below, the Court will order Plaintiff to show good cause in writing why the Complaint should not be dismissed.

**IT IS THEREFORE ORDERED** that **on or before April 10, 2024**, Plaintiff must show cause in writing why this case should not be dismissed without prejudice for failure to prosecute.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE